Steven A. Smith
Reg. No. 02256-000
USP Allenwood
P.O. Box 3000
White Deer, PA 17887

**4: CV   07-1322**

      Plaintiff,

     v.

United States of America
(Federal Bureau of Prisons)

Civil Action No _____

Serve:  Alberto Gonzales
       Attorney General
       U.S. Department of Justice
       950 Pennsylvania Avenue, N.W.
       Washington, D.C. 20530-0001

And    U.S. Department of Justice
       950 Pennsylvania Avenue, N.W.
       Washington, D.C. 20530-0001

And    United States Attorney's Office
       Middle District of Pennsylvania
       228 Walnut Street, 2nd Floor
       P.O. Box 11754
       Harrisburg, PA 17108-1754

And    Director of the B.O.P.
       Harley G. Lappin
       320 First Street, N.W.
       Washington, D.C. 20534

And    Jonathan C. Miner
          Warden
       USP Allenwood
       P.O. Box 3500
       White Deer, PA 17887

And    D. Scott Dodrill
       Regional Director
       U.S. Bureau of Prisons Northeast Regional
       Office of U.S. Customs House,
       7th Fl.
       2nd Chestnut Street,
       Philadelphia, PA 19106

And    Harrell Watts, Administrator
       National Inmate Appeals
       320 First Street, N.W.
       Washington, D.C. 20534

**FILED
SCRANTON**

JUL 23 2007

PER _____M. L. V_____
       DEPUTY CLERK

And W. Ey
AW(O)
USP Allenwood
P.O. Box 3500
White Deer, PA 17887

And K. DeWald
AHSA
USP Allenwood
P.O. Box 3500
White Deer, PA 17887

And Dr. C. Vermeire
Health Services Doctor
USP Allenwood
P.O. Box 3500
White Deer, PA 17887

And J. Holtzapple, PA
USP Allenwood
P.O. Box 3500
White Deer, PA 17887

And L. Rey
Health Information Tech
USP Allenwood
P.O. Box 3500
White Deer, PA 17887

Defendants.

## COMPLAINT

1. This is an action brought under 28 U.S.C. §§ 1331 and 2201 also 5 U.S.C. § 702 seeking redress in the form of compensatory and punitive damages as well as declaratory judgment and an injunction order against the defendants for providing inadequate medical treatment and delaying access to a liver biopsy specialist while performed under color of federal authority, that their acts and omissions constitute deliberate indifference towards Plaintiff statutory constitutional rights and deprived Plaintiff of rights secured by the constitution and laws of the United States.

## SUBJECT MATTER JURISDICTION AND VENUE

2. The Court has original subject matter jurisdiction of these cause of action.
3. Plaintiff assert addition cause of action over which the Court may has supplemental supject matter jurisdiction under 28 U.S.C. § 1367 (A).
4. Venue for this action lies in the District of Pennsylvania pursuant to 28 U.S.C. 1391 (b).

## PARTIES

5. At all times material hereto, Plaintiff was an inmate at USP Allenwood.
6. At all times material hereto, defendant Federal Bureau of Prisons ("The BOP"), administered its prison system, which included USP Allenwood, through the Bureau of Prisons ("BOP"), the headquarters which oversees all Federal Prisons throughout the United States.

[3]

7. At all times material hereto, defendants Harley G. Lappin ("Lappin"), Jonathan C. Miner ("Miner"), D. Scott Dodrill ("Dodrill"), Harrell Watts (Watts", W.Ey ("y"), C. Vermeir (Vermeir"), K. DeWald ("DeWald"), J. Holtzapple ("Holtzapple"), and L. Rey ("Rey")(Collectively "the individual defendants") were employed as Health Services personnel and/or supervisors at and for the USP Allenwood. These defendants are being sued in their individual and official capacities.

## FACTS UNDERLYING SMITH'S CLAIM

8. Plaintiff has a history of hepatitis C Virus with mildly elevated liver disfunction, which has been monitored for levels of a liver enzyme known as ALT that indicate liver cell damage. On or about August, 2005, Plaintiff learned that his viral load count was 700.000 Iu/mL with Genotype Grade 1. Following the viral load report Plaintiff chronic care physicians at FCC Coleman Medium Facility Services recommended that his HCV issues be reviewed by their Utilization Review Committee.

9. On November 16,2005, the Utilization Review Committee for FCC Coleman Health Services granted approval for Plaintiff to have a liver biopsy test performed. See Utilization Review Committee approval attached hereto as exhibit No. 1.

10. Plaintiff arrived in Allenwood on April 18,2006, after being transferred from FCC Coleman Medium Facility. The recommedation for him to have a liver biopsy test performed by FCC Coleman Medium Facility Health Services' Utilization Review Committee was not fulfilled. Plaintiff HCV concerns were revised by USP Allenwood Health Services' Utilization Review Committee, where they have allegedly approved him having a liver biopsy test performed. See Utilization Review Committee approval attached hereto as exhibit No. 2.

11. On June 20,2006, Plaintiff submitted an informal complaint through a cop-out to Health Services' Utilization Review Committee [URC] to inquire about the disposition of the URC approval for him to have a liver biopsy test performed and to attempt to orient them concerning the gravity of his advanced HCV condition when not being treated promptly. To no avail. See cop-out attached hereto as Exhibit no. 3.

12. Looking only to Plaintiff informal cop-out, grievances and appeals and in considering or not considering his medical records containing laboratory reports, diagnosis notes, viral load report and HCV genotype report, it is clear that a liver biopsy test and futher treatment requires immediate treatment. As stated above Plaintiff's viral load report which showed that 700.000 Iu/mL or HCV is in his system and perhaps more now due to the fact that more than two years have passed by without having another viral load test being performed. Plaintiff's HCV genotype now shows that he is in stage 1, and as stated above his liver condition has grown progressively worse. See attached hereto a copy of his HCV lab report as Exhibit No. 4.

13. That USP Allenwood Health Services' Utilization Review Committee, which consisted of the following employees W. Ey, A.W.(O) K. DeWald, AHSA: C. Vermeir, Dr: J. Holtzapple, PA: and L. Rey, Health Information Tech, along with their care providers and/or physicians have failed: (1) to order adequate viral load tests and genotypes testing of his HCV, (2) to counsel plaintiff regarding reframing from using certain kinds of pain medication that can adversely affect his liver, and (3) to have an abdominal ultrasound performed on plaintiff by a specialist, which will show the condition of plaintiff's liver and any other unhealthy abnormal liver condition. This particular task will also show whether or not the plaintiff is experiencing any evidence of kidneys hydronephrosis and if any amount of any echogenicity that may exsist in the liver.

14. Plaintiff have complained to Health services care providers about his experiences with newly developed symptoms which consist of yellow eyes; feeling lack of energy; muscle and joint pain; aching pain on the upper right side of his abdomen that is causing him to feel nauseated; depression; sleep disturbance; having poor appetite and losing weight. This develope combination of symptoms are a result of being delayed in having a liver test performed, and thus delayed treatment. On July 11,2006, Plaintiff was seen by PA. Ms. Inch, regarding the above stated symptoms. PA. Ms. Inch, without performing a thorough examination or notating any and all of his newly developed symptoms.

15. On February 12,2007, Plaintiff was seen by his chronic care physician, Dr. Vermeire regarding his HCV Status. Dr. Vermeire informed plaintiff that in order for him to receive treatment for HCV Plaintiff will have to be in the age range of 65 years old.

16. Contrary to Dr. Vermeire's warning concerning his having a liver biopsy test performed, Plaintiff have learned through other inmates who are suffering from the same HCV symptoms, that they had visited an outside liver biopsy specialist and they were not in the age range of 65 years old.

17. On March 28,2007 Plaintiff received from Dr. J.R. Mitchell, Ch Psych a copy of the interferon Evaluation. Report stateing that Plaintiff met the necessary criteria of being clear, and a suitable candidate for futher treatment for his HCV. Attached hereto is a copy of Dr. Mitchell's Interferon Evaluation Report as Exhibit No. 5.

18. On April 12,2007 Plaintiff submitted an informal letter of complaint to Mr. Ey, requesting for his help with Plaintiff's HCV issues. See copy of complaint to Mr. Ey attached hereto as Exhibit No.6.

On May 3,2007, Plaintiff received a response from DeWald, AHSA; to his com-
plaint dated April 12,2007. DeWald responded with the following reply that liver
biopsies are done based on priority. Your statement that you will have to wait
until you are range of 65 years old is false. Identifying candidates for liver
biopsies is done by using multiple factors as guidance including, but are limited
to: ALT levels, genotypes, HIV coinfection, compensated cirrhosis, or the need for
rebiopsies. As you already been informed, you have been given a priority for a
liver biopsy and will be scheduled accordingly. See DeWald's reply attached hereto,
as Exhibit No. 7. Promises without delivery.

19. On May 9,2007, Plaintiff was seen by his chronic care physician Dr. C. Vermeir
where Plaintiff informed him of his newly developed symptoms from his HCV con-
dition: and who has also restated what DeWald had stated in her reply to Plain-
tiff's complaint to Mr. Ey. It appears that Dr. Vermeir has failed to make any
notating of plaintiff newly developed symptoms.

20. Defendants Vermeir and K. DeWald's response to Plaintiff concerns about him
being priority for having a liver biopsy performed is a practice in their tactic
for the sole purpose of placating Plaintiff, to distract him from making more com-
plaints against them. Their action and intentions in deliberately neglecting his
HCV concerns are dilatory and arbitrary and initiated for express purpose of
impeding his right to obtain a liver test by a biopsy specialist.

21. It appears that the hereinmentioned individuals have retaliating against
Plaintiff for making oral complaints and for filing grievances relating to his
HCV issues. In the Warden's response to Plaintiff's BP-9 he states that Plan-
tiff is a priority 2 candidate for liver biopsy.

[7]

It can be concluded that the aforenamed individuals have no intention to have
plaintiff taken to a liver biopsy specialist for completion of his testing so
as to make a valid determination. This can be shown by other inmates who have
been seen by a liver biopsy specialist during the time that plaintiff was sup-
posed to be a priority 2 candidate. More than a year has elapsed without plain-
tiff having access to a liver biopsy specialist to complete his testing.

21. Plaintiff's liver enzyme labratory report continue to show signs of liver
damage elevation. Having a liver biopsy performed can show the extent of liver
inflammation, which can assist in determing what type of treatment would be
appropriate. See laboratory report attached hereto, as Exhibit No. 8.

22. Treatment is not appropriate for patients with liver problems such as cir-
rhosis. Treatment for patients with mild liver problems may be safely deferred.
Suitability for treatment is determined by measuring the degree of liver in-
flammation and fibrosis through a liver biopsy. However, even if the appropriate
threshold levels of inflammation and fibrosis are present, treatment may be in-
appropriate if the patient is too young or too old, had a previous organ trans-
plant, or suffers from depression, other mental health problems, heart disease,
or untreated chemical dependency.

23. That hepatitis C, if not treated promptly could leave plaintiff to suffer
severe internal organ damage, e.g. chronic liver disease, cirrhosis, liver can-
cer and inevitably death. As a direct and proximate result of any and/or all of
the acts and omissions by the individuals delaying plaintiff having a liver
biopsy test performed, for receiving indicated futher treatment for his HCV, and
which delay has led to injury that caused and continues to cause plaintiff great
pain and suffering, has continued, aggravated and worsened, causing him to be
futher incapacitated, and still suffering from the effects of said injuries.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

24. On August 2,2006, Plaintiff submitted and received a response to his in-
formal complaint ("BP-8" level).

25. On August 20,2006, he submitted his "BP-9" Appeal to the Allenwood - USP
Warden who had responded and denied it on September 11,2006.

26. On September 18,2006, Plaintiff submitted his "BP-10" Regional Appeal to the
Northeast Regional Director who had responded and denied it on October 25, 2006.
Finally, On November 16,,2006, Plaintiff submitted his "BP-11" Appeal to the
BOP Central Office, to which the BOP Central Office administrator National Inmate
appeals responded and failed to take corrective action to have the responsible
individuals to have the Plaintiff taken to a liver biopsy specialist.

CLAIM FOR CAUSE FOR ACTION
COUNT ONE (28 U.S.C. §§ 1331)

27. Paragraphs one through 26 are hereby incorporated into count as though fully set forth herein.

28. The defendants Lappin, Miner, Dodrill, Watts, Ey, DeWald, Vermeir, Holt-zapple and Rey while acting in conjunction with their employment with the Bureau of Prisons, serving in the position of Director, Warden, Regional Director, Administrator National Inmate Appeals, AWO, AHSA, Medical Doctor, PA and Health Information Tech have knew or should have known that arrangement has not been made for Plaintiff to be taken to an outside liver biopsy specialist.

29. The defendants knowingly, intentionally, and deliberately delaying and/or delayed plaintiff of having access to a liver biopsy specialist who has the cap-ability of determine and measuring the degree of liver inflammation and fib-rosis and to determine whether further treatment requires medication such as Interferon and Ribavirin.

30. The defendants knowingly, intentionally, and deliberately have neglected Plaintiff's complaints for having access to a liver biopsy specialist, which caused his injuries by failing to have and use the knowledge, skill and care both in diagnosing and in treating each and all of his newly developed symptoms, which are a result of plaintiff being delayed of having access to a liver biopsy special-ist. The defendants' acts and omissions violated plaintiff's statutory and con-stitutional rights.

31. That after the said newly developed symptoms occurred to the plaintiff, the defendants knowingly, intentionally, and deliberately repeatedly failed and re-fused to give the plaintiff adequate, proper and suitable medical care and at-tention, by having the plaintiff seen by a liver biopsy specialist as it has been recommended by their Utilization Review Committee.

[10]

32. The defendants knowing, intentionally, and deliberately failed and re-
fused, despite repeated requests and demands by the plaintiff and others on
his behalf to render proper care and treatment, were brought to the attention
of the defendants, its agents, servants and employees, by the plaintiff him-
self and others. The said improper care and treatment continue at this time.

33. Plaintiff contentions are that the acts and omissions of the defendants
demonstrate conduct fell below the standards of reasonable medical practice
under the circumstances and proximately caused his injuries.

34. The defendants knowing, intentionally, and deliberately have failed to com-
ply with, enforce, and adhere to their own rules and policies regulating their
Technical Reference Manual titled "Infectious Disease Management," dated January
26, 1999, which governs the evaluation and treatment of prisons with hepatitis C.

35. The defendants knowingly, intentionally, and deliberately violated plaintiff's
statutory and constitutional rights by delaying plaintiff of having access to an
outside liver biopsy specialist.

36. The defendants knowingly, intentionally, and deliberately neglected plain-
tiff repeatedly complaints for having a liver biopsy performed.

37. The defendants knowingly, intentionally, and deliberately violated plaintiff's
First Amendment rights to freedom of speech by retaliating against Plain-
tiff for making oral complaints and for filing grievances relating to his hep-
atitis C condition.

38. The defendants knowingly, intentionally, and deliberately violated Plaintiff's
Eighth Amendment right to be free of cruel and unusual punishment by remaining
deliberately indifferent to his preexisting and existing hepatitis C condition.

[11]

## COUNT II
(28 U.S.C. § 1331)

39. Paragraphs one through 38 are hereby incorporated into this count as though fully set forth herein.

40. Defendants performed their wrongful acts alleged above while they were employees and servants under the authority of the Bureau of Prisons.

41. Defendants and the Bureau of Prisons acted with deliberate indifference in violating the rights of plaintiff as guaranteed by the First and Eighth Amendment to the United States Constitution, and defendants and the Bureau of Prisons are liable for these violations.

42. Defendants acted in accordance with the customs, policies, and practices of the Bureau of Prisons' USP Allenwood, and these customs, policies, and practices were the moving force behind and the proximate cause of plaintiff's injuries.

43. Defendants performed their actions while acting in their individual and officials capacities under the authority of the Bureau of Prisons and therefore, while acting under color of Federal authority.

44. Defendants' supervisors, who also were acting under the authority of the Bureau of Prison and, thus, under the color of Federal authority, were aware that defendants neglected plaintiff's hepatitis C concerns.

## COUNT III
(28 U.S.C. § 1331)

45. Paragraphs one through 44 are incorporated into this count as though fully set forth herein.

46. Contrary to USP Allenwood Utilization Review Committee defendants Lappin, Miner, Dodrill, Watts, Ey, DeWald and Vermeire have failed to act on URC recommendation for specialized care.

[12]

47. Defendants Lappin Miner, dodrill, Watts, Ey, DeWald and Vermeir are responsible for scheduling medical appointments outside the prison when a prisoner is in need of specialized treatment or evaluation.

48. Together, these defendants have the responsibility for providing the plaintiff with the necessary specialized care and treatment by an outside liver biopsy specialist.

49. In failing to respond properly to plaintiff's complaints, these defendants' inactions and deliberate indifference represented official Bureau of Prisons policy and practice.

50. Defendants' actions were a consequence of the Bureau of Prisons in its hiring and training practices, and in its oversight of employees at the USP Allenwood regarding medical care and treatment.

51. Futher, at all times material to this complaint, the Bureau of Prisons permitted, encouraged and ratiffied a pattern and practice of deliberate indifference to retaliation by employees in response to inmate grievances, in that the Bureau failed to implement an effective system for minimizing the occurrence of such retaliation, train its employees in proper methods and means for identifying and prtecting inmates frcm retaliation, or properly supervising annd disciplining prison personnel.

## COUNT IV
### VIOLATION OF STATUTE

52. Paragraphs one through 51 are incorporated into this count as though fully set forth herein.

53. Pursuant to 18 U.S.C. §4042, imposes upon the Bureau of Prisons and its officials and employees have a duty to exercise reasonable care "in the safe-keeping, care, protection, instruction, and discipline of all persons committed" to certain institutions under BOP management and regulation, including USP Allenwood.

[13]

47. Defendants Lappin Miner, Watts, Ey, DeWald and Vermeir are responsible for scheduling medical appointments outside the prison when a prisoner is in need of specialized treatment or evaluation.

48. Together, these defendants have the responsibility for providing the plaintiff with the necessary specialized care and treatment by an outside liver biopsy specialist.

49. In failing to respond properly to plaintiff's complaints, these defendants' inactions and deliberate indifference represented official Bureau of Prisons policy and practice.

50. Defendants' actions were a consequence of the Bureau of Prisons in its hiring and training practices, and in its oversight of employees at the USP Allenwood regarding medical care and treatment.

51. Futher, at all times material to this complaint, the Bureau of Prisons permitted, encouraged and ratiffied and practice of deliberate indifference to retaliation by employees in response to inmate grievances, in that the Bureau failed to implement an effective system for minimizing the occurrence of such retaliation, train its employees in proper methods and means for identifying and protecting inmates from retaliation, or properly supervising and disciplining prison personnel.

## COUNT IV
### VIOLATION OF STATUTE

52. Paragraphs one through 51 are incorporated into this count as though fully set forth herein.

53. Pursuant to 18 U.S.C. §4042, imposes upon the Bureau of Prisons and its officials and employees have a duty to exercise reasonable care "in the safe-keeping, care, protection, instruction, and discipline of all persons committed" to certain institutions under BOP management and regulation, including USP Allenwood.

[13]

54. Defendants breached their duty pursuant to 18 U.S.C. §4042 when they performed their actions by failing to exercise reasonable care in providing Plaintiff with adequate proper medical care to his HCV and failing to protect plaintiff from retaliation. As a result of their breach of the duty of care owed to the Plaintiff suffered injury.

55. As a direct and proximate result of all of the Plaintiff's statutory and Constitutional violation plaintiff has suffered physical pain and emotional suffering.

56. The injuries suffered by Plaintiff, as dscribed in the facts stated above, were the direct and proximate result of the above named defendants' acts and omissions.

That said injuries caused and continue to cause the Plaintiff great pain, suffering, mental anguish; and he was further incapacitated in the performance of his normal activities and continues to be so incapacitated; and he is still suffering from the effects of said injuries which are of a permanent nature.

Plaintiff further request that this court grant the following relief:

(A) Issue a declaratory judgment that defendants violated the plaintiff's right under the United Staes Constitution and 28 U.S.C. §§ 1331.

(B) Issue an Injunction Orderin that defendants provide a medically appropriate and adequate course of hepatitis C treatment.

The defendants will refrain from delaying the plaintiff from being examined by a qualified liver biopsy specialist and to obtain from that specialist an evaluation of the condition of his HCV and a prescription for a course of medication that will treat his HCV.

Plaintiff in addition. request that defendants refrain from retaliating against him because of his making oral complaints and for filing grievances and in particular for the filing of this action.

WHEREFORE. the Plaintiff. Steven A. Smith, demands judgment against the defendants. jointly and severally. in the amount of $ 500,000.00 compensator damages and $ 500,000.00 punitive damages. plus interest from the date of the occurrence at the prevailing rate, costs and attorney's fee in this action.

Respectfully submitted

Steven A. Smith
Reg. No. 02256-000
USP Allenwood
P.O. Box 3000
White Deer, PA 17887

Pursuant to 28 U.S.C. § 1.746
I declare and verify under
penalty of perjury that the
foregoing is true and correct.
Excuted on 18, day of 2007.

Exhibit #1

PREVIOUS EDITION IS USABLE

AUTHORIZED FOR LOCAL REPRODUCTION

| MEDICAL RECORD | CHRONOLOGICAL RECORD OF MEDICAL CARE |
|---|---|

| DATE | SYMPTOMS, DIAGNOSIS, TREATMENT, TREATING ORGANIZATION (Sign each entry) |
|---|---|

DATE — ADMINISTRATIVE NOTE:

TIME — UITILIZATION REVIEW COMMITTEE

**11/16/05**

**0930**

APPROVE _____ DISAPPROVED _____

RED ____ GREEN ____ YELLOW ____ BLUE ✓

PROCEDURES: fund Rx

COMMENTS:

COMMITTEE MEMBER

**2/7/06**

**1350**

CHRONIC CARE CLINICS

T: 98.4

| CARDIAC ___ | DIABETIC ___ | ENDOCRINE/LIPID ___ |
|---|---|---|
| GENERAL ___ | NEUROLOGY ___ | GASTROINTESTINAL ___ |
| OB/GYN ___ | PULMONARY X | ORTHOPEDIC/RHEUMATOLOGY ___ |
| HYPERTENSION X | MENTAL HEALTH X | INFECTIOUS DISEASE X |

P: 64

R: 16

BP: 161/104

wt. 190

S: Requesting time for lung biopsy & eye exam

O: PERRLA. VA Desloaned OU 20/40

near OD 20/100

OS 20/40

neck no bruit (carotid)

lungs clear

heart RRR S(m)

R. SARMIENTO, MD
MID-LEVEL PRACTITIONER

| HOSPITAL OR MEDICAL FACILITY | STATUS | DEPART./SERVICE | RECORDS MAINTAINED AT |
|---|---|---|---|
| SPONSOR'S NAME | SSN/ID NO. | RELATIONSHIP TO SPONSOR | |

PATIENT'S IDENTIFICATION: (For typed or written entries, give: Name - last, first, middle; ID No or SSN; Sex; Date of Birth; Rank/Grade.)

| | REGISTER NO. | WARD NO. |

Smith, Steven

02256-083

4/5/62

**CHRONOLOGICAL RECORD OF MEDICAL CARE**
Medical Record

**STANDARD FORM 600** (REV. 6-97)
Prescribed by GSA/ICMR
FIRMR (41 CFR) 201-9.202-1

Exhibit # 2

4A



DATE:   5-24-06

REPLY TO
ATTN. OF:   Utilization Review Committee

SUBJECT:   Medical Consultations

TO:       Inmate  Smith, Steven _____ Reg. No. 02256-000

          Release Date __Life__·_

The request for _Liver cancer / biopsy_____ has been reviewed by the
Utilization Review Committee (URC).

The URC has found that your medical condition and/or recommended medical procedure does:

(  ) not meet the medical criteria as determined by the URC and is deferred at this time.  You are
     advised to _____.

(X) meets the medical criteria as determined by the URC and is approved.  An appointment with
     an in-house consultant will be scheduled.

(  ) meets the medical criteria as determined by the URC and is approved.  An appointment will
     be scheduled.  Pre-op instructions required include _____
     _____

(  ) meets the medical criteria as determined by the URC and is approved.  A transfer request, to
     a Federal Bureau of Prisons Medical Center has been submitted for this procedure and/or
     medical care.

K DeWald

**Committee Members:** K. DeWald, AHSA, Dr. C. Vermeire, Medical Officer, J. Holtzapple, P.A.,
L. Rey, Health Information Tech, W. Eyer, W(O)

BP-S14b.055 **INMATE REQUEST TO STAFF** CDFRM
SEP 98

**U.S. DEPARTMENT OF JUSTICE** | **FEDERAL BUREAU OF PRISONS**

| TO:(Name and Title of Staff Member)<br>Health Service/ URC | DATE:<br>June 20,2006 |
|---|---|
| FROM: Steven A. Smith | REGISTER NO.:<br>02256-000 |
| WORK ASSIGNMENT:<br>Cul/a.m. | UNIT:<br>4/A |

SUBJECT: (Briefly state your question or concern and the solution you are requesting.
Continue on back, if necessary. Your failure to be specific may result in no action being
taken. If necessary, you will be interviewed in order to successfully respond to your
request.)

On May 24,2006 the Utilzation Review Committee have approved me for having a liver

biopsy test perform for my HCV. More than three weeks have expired without me being

schedule for an appointment for having a liver biopsy test perform. To orient you of the

gravity of my condition, if not treated promptly could leave me to suffer severe internal

organ damage, e.g. chronic liver disease, cirrhosis, liver cancer and inevitably dealth.

Based on the above, which I have stated it is hoped that I can be schedule for an

appointment a.s.a.p. for having a liver biopsy test perform for the possibility of

futher treatment for my HCV.

Thank you.

(Do not write below this line)

DISPOSITION:

Liver biopsies are scheduled in the
ordered approved. Some biopsies are still
pending since October 2005/ December 2005.
You will be scheduled when an appointment
is available.

| Signature Staff Member<br>K Dewald | Date<br>6/21/06 |
|---|---|

Record Copy - File; Copy - Inmate
(This form may be replicated via WP)

This form replaces BP-148.070 dated Oct 86
and BP-S148.070 APR 94

Printed on Recycled Paper

Molecular Diagnostics Lab. (113)
VA North Texas Health Care System
4500 S. Lancaster RD.. Dallas, Texas 75216
Phone: 214-857-0308

Hepatits C Viral Load Patient Report

*Smith, Steven*

| FACILITY | SAMPLE DATE | RECEIPT DATE | SPEC NUMBER | REGISTER | RESULT (IU/mL) |
|----------|-------------|--------------|-------------|----------|----------------|
| COM | 8/15/2005 | 8/16/2005 | V/00059825 | 02256-000 | >700,000 |

Hepatitis C Viral Load Normal Range <600 IU/mL

Hepatitis C RNA quantitation by RT-PCR

FOR RESEARCH USE ONLY. NOT FOR USE IN DIAGNOSTIC PROCEDURES.

Report Date:        8/22/2005

M. Cintron, MD
Staff Physician

Thomas E. Rogers, M.D., Acting Laboratory Director        8/22/2005

ORIGINAL

Molecular Diagnostics Lab. (113)
VA North Texas Health Care System
4500 S. Lancaster RD., Dallas, Texas 75216
Phone: 214-857-0308

### HEPATITIS C GENOTYPE DETERMINATION-PATIENT REPORT

| FACILITY | SAMPLE DATE | RECEIPT DATE | SPEC NUMBER | REGISTER | HCV GENOTYPE |
|----------|-------------|--------------|-------------|----------|--------------|
| COM | 8/15/2005 | 8/16/2005 | V00059825 | 02256-000 | TYPE 1 |

*Smith, Steven*

Hepatitis C Genotype Determination by Line Probe Assay (LiPA)

FOR RESEARCH USE ONLY.  NOT FOR USE IN DIAGNOSTIC PROCEDURES.

REPORT DATE:          8/22/2005

9/6/05
mc
M. Cintron, MD
Staff Physician

Thomas E. Rogers, M.D., Acting Laboratory Director          8/22/2005

ORIGINAL

**SENSITIVE BUT UNCLASSIFIED**



# Federal Bureau of Prisons
# Psychology Data System

**Date-Title:** 03-16-2007 · Eval/Rpt - Interferon Evaluation
**Reg Number-Name:** 02256-000 - SMITH, STEVEN A.   **Unit/Qtrs:**  I, A03-122L
**Author:** JOHN R. MITCHELL, CH PSYCH
**Institution:** ALP - ALLENWOOD USP

Inmate Smith was screened for any mental health problems which would preclude him from Interferon therapy. Although he takes medication for depression, inmate Smith demonstrated no signs of severe depression, hopelessness, or suicidal ideation that would preclude his not participating in Interferon therapy. He is currently viewed to be psychologically stable for this treatment regimen. He was advised on how to access Psychology if Interferon causes any worsening of depressive symptoms.

**SENSITIVE BUT UNCLASSIFIED**

Released to Smith by
Dr. Mitchell   3/28/07.

Steven A. Smith
Reg No's 02256-000
Unite I-B

April 12, 2007

Mr. W. Ey
AW(O)

Re: Liver Biopsy Specialist

Mr. Ey:

This complaint is sent to you in reference to our communication on April 10, 2007, regarding my hepatitis C virus and request for having access to a liver biopsy specialist.

I would like to give you the opportunity to resolve this problem that I am now experiencing of being delayed in having access to a liver biopsy specialist.

I have a history of hepatitis C virus with mildly-elevated liver function, which has been monitored on the levels of a liver enzyme known as ALT that may indicate liver cell damage.

On November 16, 2005, the Utilization Review Committee for FCC Coleman Health Services had approved me to have a liver biopsy test performed.

I arrived here on April 18, 2006, after being transferred from FCC Coleman Medium Facility. The recommedation for me having a liver biopsy test performed by FCC Coleman Medium Facility Health Services' Utilization Review Committee was not fulfilled. My HCV concerns were revised by USP Allenwood Health Services' Utilization Review Committee, where they have allegedly approved for me having a liver biopsy test performed.

I have exhausted my administrative remedies. Attached hereto is a copy of Warden Miner's reply. The warden acknowledgement is summarized as follows: That due to (my) age and (my) laboratory testing results, (I am) a Priority 2 candidate for a liver biopsy. (I) will be scheduled accordingly. More than (9) months have elaped without me being scheduled for having access to a liver biopsy.

On February 12, 2007, I was seen by my chronic care physician, Dr. Vermeire, regarding my HCV status. Dr. Vermeire informed me that for order for me to receive treatment for HCV I will have to be in the range of 65 years old.

Contrary to the warden's reply and Dr. Vermeire's warning concerning my having a liver biopsy test performed I have learned through other inmates that are suffering from the same HCV symptoms, that they had visited an outside liver biopsy specialist and they are not in the range of 65 years old.

Hepatitis C virus primarly attacks the liver and causes development chronic liver inflamation and after many years of progressive deterioration can develope cirrhosis and end-stage liver disease, which can be fatal.

Treatment is not appropriate for patients with advanced liver problems such as cirrhosis. Treatment for patients with mild liver problems may be safely deferred. Suitability for treatment is determined by measuring the degree of liver inflammation and fibrosis through a liver biopsy. However, even if the appropriate threshold levels of inflammation and fibrosis are present, treatment may be inappropriate if the patient is too young or too old, had a previous organ transplant, or suffers from depression, other mental health problems, heart disease, or untreated chemical dependency.

On March 28, 2007, I received from Dr. J. R. Mitchell, Ch Psych a copy of the Interferon Evaluation Report stating that I meet the necessary criteria of being clear, an a suitable candidate for further treatment for my HCV. Attached hereto is a copy of Dr. Mitchell's Interferon Evaluation Report.

Having a liver biopsy performed can show the extent of liver inflammation, if any at all, which can assist in determining what type of therapy, if any, would be appropriate.

My liver enzyme laboratory report continued to show signs of liver inflammation elevation. Health Services care providers and/or physicians have failed: (1) to order adequate viral load tests and genotype testing of my HCV, (2) to counsel me regarding refraining from using any kind of pain medication that can adeversely affect my liver, and (3) prescribing the appropriate diet, and antioxidant vitamins. I had to get the information on 2 and 3 from other sources.

I would hope that my HCV concerns would be turned over to the appropriate person in the hope that an amicable resolution of this matter can be undertaken and resolved so we can both avoid costly civil litigation over this issue.

I thank you in advance for your prompt attention and cooperation in this matter.


Very truly yours,


Steven A. Smith
Reg No's 02256-000
Unit I-B

[2]

Liver biopsies are done based on priority. Your statement that you will have to wait until you are in the age range of 65 years old is false. Identifying candidates for liver biopsies is done by using multiple factors as guidance including, but are not limited to: ALT levels, genotypes, HIV co-infection, compensated cirrhosis, or the need for re-biopsies. As you have already been informed, you have been given a priority for a liver biopsy and will be scheduled accordingly.

K. DeWald, AHSA
USP Allenwood

Exhibit #8

### U.S. MEDICAL CENTERS FOR FEDERAL PRISONERS
Laboratory, 1900 W. Sunshine
SPRINGFIELD, MISSOURI 65808
(417) 862-7041

======================================================================
\*\*\*   SENSITIVE BUT UNCLASSIFIED   \*\*\*
FINAL REPORT
======================================================================

| | | | |
|---|---|---|---|
| Register Number : 02256-000 | | Age | : 45yr |
| Name : SMITH, STEVEN | | Sex | : M |
| Location : USP ALLENWOOD (ALP) | | Room | : |
| Admit. Physician: Vermeire | | Accession Number : 3225 | |
| Order. Physician: Vermeire | | | |
| Collected : 05/31/07 @ 11:00 by: RE | | | |

| Test | Result | Flag | Reference Range/Units | Tech |
|---|---|---|---|---|
| Collection Cmt. | Age of Specimen Invalidates Results | | | LF |
| | CBC rejected. | | | |
| Rejected Spec. | . | | | |
| LIPID PROFILE | | | | |
| COMP PROFILE | | | | |
| Glucose | 117 | HI | 70 - 110 mg/dL | LN JE |
| Urea Nitrogen | 11 | | 7 - 22 mg/dL | LN JE |
| Creatinine | 1.2 | | 0.6 - 1.6 mg/dL | LN JE |
| SodiumI | 140 | | 137 - 148 mmol/L | LN JE |
| Potassium | 3.9 | | 3.5 - 5.0 mmol/L | LN JE |
| Chloridel | 105 | | 99 - 114 mmol/L | LN JE |
| Calcium1 | 9.3 | | 8.5 - 10.9 mg/dL | LN JE |
| Total Protein | 7.9 | | 6.0 - 8.2 g/dL | LN JE |
| Albumin | 3.8 | | 3.6 - 5.1 g/dL | LN JE |
| Alkaline Phos. | 99 | | 41 - 133 U/L | LN JE |
| AST(SGOT) | 62 | HI | 11 - 55 U/L | LN JE |
| ALT1(SGPT) | 85 | HI | 11 - 66 U/L | LN JE |
| Total Bilirubin1 | 0.3 | | 0.2 - 1.3 mg/dL | LN JE |
| Cholesterol | 206 | HI | 50 - 200 mg/dL | LN JE |
| Triglyceride | 403 | HI | 10 - 150 mg/dL | LN JE |
| dHDL | 23 | LO | 40 - 60 mg/dL | LN JE |
| LDLC | Calculation of LDL is not appropriate | | 0 - 130 mg/dL | HS JE |
| | for samples with a triglyceride | | | |
| | greater than 400 mg dl. Therefore | | | |
| | the LDL is not calculated. | | | |
| Chol/dHDL Ratio | 9.0 | HI | 0.0 - 4.0 | LN JE |
| Free T4 | 1.14 | | 0.78 - 2.19 ng/dL | LN JE |
| TSH | 1.840 | | 0.465 - 4.680 uIU/mL | LN JE |
| Glycohemoglobin | 7.9 | HI | 4.3 - 6.3 %A1C | MM JE |

. D. Vermeire
Medical Officer
USP Allenwood

1-3

Legend
LO=Low   AL=Alarm Low   HI=High   AH=Alarm High   AB=Abnormal
BL=Less than Clinically Reportable Range
BH=Greater than Clinically Reportable Range

| | | | |
|---|---|---|---|
| Name : SMITH, STEVEN | | Location : ALP | |
| Register Number : 02256-000 | | Page : 1 of 1 | |
| Printed : 06/05/2007 @ 17:02 | | | |

U.S. MEDICAL CENTERS FOR FEDERAL PRISONERS
Laboratory, 1900 W. Sunshine
SPRINGFIELD, MISSOURI 65808
(417) 862-7041

===================================================================
**\*\*\* SENSITIVE BUT UNCLASSIFIED \*\*\***
FINAL REPORT
===================================================================

Register Number : 02256-000                     Age              : 44yr
Name            : SMITH, STEVEN                  Sex              : M
Location        : USP ALLENWOOD (ALP)            Room             :
Admit. Physician: Vermeire                       Accession Number : 9945
Order. Physician: Vermeire
Collected       : 02/21/07 @ 13:00 by:  RE

| Test | Result | Flag | Reference Range/Units | Tech | |
|------|--------|------|-----------------------|------|---|
| **COMP PROFILE** | | | | | |
| Glucose | 134 | HI | 70 - 110 mg/dL | JN | RS |
| Urea Nitrogen | 14 | | 7 - 22 mg/dL | JN | RS |
| Creatinine | 1.2 | | 0.6 - 1.6 mg/dL | JN | RS |
| SodiumI | 146 | | 137 - 148 mmol/L | JN | RS |
| Potassium | 4.0 | | 3.5 - 5.0 mmol/L | JN | RS |
| Chloride1 | 106 | | 99 - 114 mmol/L | JN | RS |
| Calcium1 | 9.5 | | 8.5 - 10.9 mg/dL | JN | RS |
| Total Protein | 9.1 | HI | 6.0 - 8.2 g/dL | JN | RS |
| Albumin | 4.6 | | 3.6 - 5.1 g/dL | JE | RS |
| Alkaline Phos. | 86 | | 41 - 133 U/L | ---- | JN RS |
| AST(SGOT) | 76 | HI | 11 - 55 U/L | JN | RS |
| ALT1(SGPT) | 110 | HI | 11 - 66 U/L | JN | RS |
| Total Bilirubin1 | 0.4 | | 0.2 - 1.3 mg/dL | JN | RS |
| Cholesterol | 202 | HI | 50 - 200 mg/dL | JN | RS |
| AlphaFetoprotein | 3.7 | | 0.8 - 7.5 ng/mL | JE | RS |
| Glycohemoglobin | 7.6 | HI | 4.3 - 6.3 %A1C | LN | RS |
| **CBC** | | | | | |
| White Blood Cell | 6.2 | | 4.3 - 11.1 10~3/uL | JE | RS |
| Red Blood Cells | 4.59 | | 4.46 - 5.78 10~6/uL | JE | RS |
| Hemoglobin | 15.0 | | 13.6 - 17.6 g/dL | JE | RS |
| Hematocrit | 43.5 | | 40.2 - 51.4 % | JE | RS |
| MCV | 94.7 | | 82.5 - 96.5 fL | JE | RS |
| MCH | 32.6 | | 27.1 - 34.3 pg | JE | RS |
| MCHC | 34.4 | | 33.0 - 35.0 g/dL | JE | RS |
| RDW | 14.5 | HI | 12.0 - 14.0 % | JE | RS |
| PLT | 221 | | 130 - 374 10~3/uL | JE | RS |
| MPV | 11.0 | HI | 6.9 - 10.5 fL | JE | RS |
| **MANUAL DIFF** | | | | | |
| Neutrophils | 17 | LO | 50 - 70 % | JE | RS |
| Lymphocytes | 66 | HI | 20 - 40 % | JE | RS |
| Monocytes | 15 | HI | 2 - 8 % | JE | RS |
| Eosinophils | 2 | | 1 - 3 % | JE | RS |

Dr. C. Vermeire
Medical Officer
USP Allenwood

Legend
LO=Low  AL=Alarm Low  HI=High  AH=Alarm High  AB=Abnormal
SL=Less than Clinically Reportable Range
SH=Greater than Clinically Reportable Range

Name             : SMITH, STEVEN                 Location : ALP
Register Number  : 02256-000                     Page     : 1 of 2
Printed          : 02/23/2007 @ 11:02

U.S. MEDICAL CENTERS FOR FEDERAL PRISONERS
Laboratory, 1900 W. Sunshine
SPRINGFIELD, MISSOURI 65808
(417) 862-7041

=========================================================================
***  SENSITIVE BUT UNCLASSIFIED  ***
FINAL REPORT
=========================================================================

| | | |
|---|---|---|
| Register Number : 02256-000 | Age | : 44yr |
| Name          : SMITH, STEVEN | Sex | : M |
| Location      : USP ALLENWOOD (ALP) | Room | : |
| Admit. Physician: Vermeire | Accession Number : 9945 | |
| Order. Physician: Vermeire | | |
| Collected     : 02/21/07 @ 13:00 by: RE | | |

| Test | Result | Flag | Reference Range/Units | Tech |
|---|---|---|---|---|
| Morphology | RBCs appear normal & platelets adequate | | | JE RS |

Dr. C. Vermeire
Medical Officer
USP Allenwood

Legend
LO=Low  AL=Alarm Low  HI=High  AH=Alarm High  AB=Abnormal
SL=Less than Clinically Reportable Range
SH=Greater than Clinically Reportable Range

| | | |
|---|---|---|
| Name            : SMITH, STEVEN | Location | : ALP |
| Register Number : 02256-000 | Page | : 2 of 2 |
| Printed         : 02/23/2007 @ 11:02 | | |

## U.S. MEDICAL CENTERS FOR FEDERAL PRISONERS
### Laboratory, 1900 W. Sunshine
### SPRINGFIELD, MISSOURI 65808
### (417) 862-7041

=====================================================================

### *** SENSITIVE BUT UNCLASSIFIED ***
### FINAL REPORT

=====================================================================

| | | | |
|---|---|---|---|
| Register Number : 02256-000 | | Age | : 44yr |
| Name : SMITH, STEVEN | | Sex | : M |
| Location : USP ALLENWOOD (ALP) | | Room | : |
| Admit. Physician: Vermeire | | Accession Number : 6129 | |
| Order. Physician: Vermeire | | | |
| Collected : 11/29/06 @ 07:00 by: RE | | | |

| Test | Result | Flag | Reference Range/Units | Tech |
|------|--------|------|----------------------|------|
| COMP PROFILE | | | | |
| Glucose | 115 | HI | 70 - 110 mg/dL | MM JE |
| Urea Nitrogen | 13 | | 7 - 22 mg/dL | MM JE |
| Creatinine | 1.2 | | 0.6 - 1.6 mg/dL | MM JE |
| SodiumI | 141 | | 137 - 148 mmol/L | MM JE |
| Potassium | 4.0 | | 3.5 - 5.0 mmol/L | MM JE |
| Chloride1 | 103 | | 99 - 114 mmol/L | MM JE |
| Calcium1 | 9.7 | | 8.5 - 10.9 mg/dL | MM JE |
| Total Protein | 8.5 | HI | 6.0 - 8.2 g/dL | MM JE |
| Albumin | 4.4 | | 3.6 - 5.1 g/dL | MM JE |
| Alkaline Phos. | 86 | | 41 - 133 U/L | MM JE |
| AST(SGOT) | 64 | HI | 11 - 55 U/L | MM JE |
| Total Bilirubin1 | 0.4 | | 0.2 - 1.3 mg/dL | MM JE |
| Cholesterol | 224 | HI | 50 - 200 mg/dL | MM JE |
| ALT1(SGPT) | 92 | HI | 11 - 66 U/L | MM JE |
| AlphaFetoprotein | 6.4 | | 0.8 - 7.5 ng/mL | JE CK |
| CBC | | | | |
| White Blood Cell | 6.6 | | 4.3 - 11.1 10^3/uL | TA CK |
| Red Blood Cells | 4.63 | | 4.46 - 5.78 10^6/uL | TA CK |
| Hemoglobin | 14.9 | | 13.6 - 17.6 g/dL | TA CK |
| Hematocrit | 43.4 | | 40.2 - 51.4 % | TA CK |
| MCV | 93.7 | | 82.5 - 96.5 fL | TA CK |
| MCH | 32.1 | | 27.1 - 34.3 pg | TA CK |
| MCHC | 34.3 | | 33.0 - 35.0 g/dL | TA CK |
| RDW | 14.3 | HI | 12.0 - 14.0 % | TA CK |
| PLT | 186 | | 130 - 374 10^3/uL | TA CK |
| MPV | 10.4 | | 6.9 - 10.5 fL | TA CK |
| MANUAL DIFF | | | | |
| Neutrophils | 13 | LO | 50 - 70 % | TA CK |
| Lymphocytes | 75 | HI | 20 - 40 % | TA CK |
| Monocytes | 8 | | 2 - 8 % | TA CK |
| Eosinophils | 3 | | 1 - 3 % | TA CK |
| Basophils | 1 | | 0 - 1 % | TA CK |

*handwritten: 85-8*

*handwritten: 12 / 14*

### Legend
LO=Low AL=Alarm Low HI=High AH=Alarm High AB=Abnormal
RL=Less Than Clinically Reportable Range
RH=Greater Than Clinically Reportable Range

| | | | |
|---|---|---|---|
| Name : SMITH, STEVEN | | Location : ALP | |
| Register Number : 02256-000 | | Page : 1 of 2 | |
| Printed : 12/01/2006 @ 16:02 | | | |

**U.S. MEDICAL CENTERS FOR FEDERAL PRISONERS**
**Laboratory, 1900 W. Sunshine**
**SPRINGFIELD, MISSOURI  65808**
**(417) 862-7041**

===================================================================
**\*\*\*   SENSITIVE BUT UNCLASSIFIED   \*\*\***
**FINAL REPORT**
===================================================================

| | | | |
|---|---|---|---|
| Register Number : 02256-000 | | Age | : 44yr |
| Name | : SMITH, STEVEN | Sex | : M |
| Location | : USP ALLENWOOD (ALP) | Room | : |
| Admit. Physician: Vermeire | | Accession Number : 7515 |
| Order. Physician: Vermeire | | | |
| Collected | : 07/25/06 @  12:00 by:  RE | | |

| Test | Result | Flag | Reference Range/Units | Tech |
|---|---|---|---|---|
| COMP PROFILE | | | | |
| Glucose | 86 | | 70 - 110 mg/dL | JN CK |
| Urea Nitrogen | 10 | | 7 - 22 mg/dL | JN CK |
| Creatinine | 1.3 | | 0.6 - 1.6 mg/dL | JN CK |
| SodiumI | 146 | | 137 - 148 mmol/L | JN CK |
| Potassium | 4.3 | | 3.5 - 5.0 mmol/L | JN CK |
| Chloridel | 105 | | 99 - 114 mmol/L | JN CK |
| Calciuml | 9.5 | | 8.5 - 10.9 mg/dL | JN CK |
| Total Protein | 7.7 | | 6.0 - 8.2 g/dL | JN CK |
| Albumin | 4.1 | | 3.6 - 5.1 g/dL | JN CK |
| Alkaline Phos. | 89 | | 41 - 133 U/L | JN CK |
| AST(SGOT) | 89 | HI | 11 - 55 U/L | JN CK |
| Total Bilirubin1 | 0.4 | | 0.2 - 1.3 mg/dL | JN CK |
| Cholesterol | 188 | | 50 - 200 mg/dL | JN CK |
| ALT1(SGPT) | 132 | HI | 11 - 66 U/L | JN CK |
| CBC | | | | |
| White Blood Cell | 5.1 | | 4.3 - 11.1 10^3/uL | LN RY |
| Red Blood Cells | 4.52 | | 4.46 - 5.78 10^6/uL | LN RY |
| Hemoglobin | 15.0 | | 13.6 - 17.6 g/dL | LN RY |
| Hematocrit | 44.0 | | 40.2 - 51.4 % | LN RY |
| MCV | 97.4 | HI | 82.5 - 96.5 fL | LN RY |
| MCH | 33.3 | | 27.1 - 34.3 pg | LN RY |
| MCHC | 34.1 | | 33.0 - 35.0 g/dL | LN RY |
| RDW | 13.6 | | 12.0 - 14.0 % | LN RY |
| PLT | 177 | | 130 - 374 10^3/uL | LN RY |
| MPV | 10.3 | | 6.9 - 10.5 fL | LN RY |
| MANUAL DIFF | | | | |
| Neutrophils | 19 | LO | 50 - 70 % | LN RY |
| Lymphocytes | 65 | HI | 20 - 40 % | LN RY |
| Monocytes | 12 | HI | 2 - 8 % | LN RY |
| Eosinophils | 4 | HI | 1 - 3 % | LN RY |
| Morphology | Macrocytes 1+ | | | LN RY |
| | Platelets Appear Adequate | | | |

Legend

Dr. C. Vermeire
Medical Officer
USP Allenwood

LO=Low  AL=Alarm Low  HI=High  AH=Alarm High  AB=Abnormal
SL=Less than Clinically Reportable Range
SH=Greater than Clinically Reportable Range

| | | | |
|---|---|---|---|
| Name | : SMITH, STEVEN | Location | : ALP |
| Register Number | : 02256-000 | Page | : 1 of 1 |
| Printed | : 07/27/2006 @ 09:02 | | |

## U.S. MEDICAL CENTERS FOR FEDERAL PRISONERS
### Laboratory, 1900 W. Sunshine
### SPRINGFIELD, MISSOURI  65808
### (417) 862-7041

===============================================================
### *** SENSITIVE-LIMITED OFFICIAL USE ***
### FINAL REPORT
===============================================================

| | | | |
|---|---|---|---|
| Register Number : 02256-C00 | | Age | : 43yr |
| Name | : SMITH, STEVEN | Sex | : M |
| Location | : FCC COLEMAN MEDIUM (COM) | Room | : |
| Admit. Physician: DR. CINTRON | | Accession Number : 5097 | |
| Order. Physician: DR. CINTRON | | | |
| Collected | : 11/22/05 @ 07:45 by: REFE | | |

| Test | Result | Flag | Reference Range/Units | Tech |
|---|---|---|---|---|
| LIVER PROFILE | | | | |
| Urea Nitrogen | 13 | | 7 - 22 mg/dL | RS RY |
| Creatinine | 1.2 | | 0.6 - 1.6 mg/dL | RS RY |
| Total Protein | 8.1 | | 6.0 - 8.2 g/dL | RS RY |
| Albumin | 4.3 | | 3.6 - 5.1 g/dL | RS RY |
| Alkaline Phos. | 88 | | 41 - 133 U/L | RS RY |
| AST(SGOT) | 47 | | 11 - 55 U/L | RS RY |
| LDH | 443 | | 354 - 705 U/L | RS RY |
| Total Bilirubin1 | 0.3 | | 0.2 - 1.3 mg/dL | RS RY |
| A/G Ratio | 1.15 | | 1.00 - 2.30 | RS RY |
| Globulin | 3.8 | HI | 2.0 - 3.7 g/dL | RS RY |
| ALT1(SGPT) | (73) | HI | 11 - 66 U/L | RS RY |
| Direct Bilirubin | 0.1 | | 0.0 - 0.5 mg/dL | RS RY |
| Gamma GT1 | (101) | HI | 8 - 78 U/L | RS RY |
| Bilirubin Unconj | 0.2 | | 0.0 - 1.1 mg/dL | RS RY |
| Bun/Creat Ratio | 11.1 | | 5.0 - 30.0 | RS RY |
| Bilirubin Conjug | 0.0 | | 0.0 - 0.3 mg/dl | RS RY |



REVIEWED
FCC COLEMAN MEDIUM

NOV 2

M. CINTRON, M.D.
STAFF PHYSICIAN

Legend

LO=Low  AL=Alarm Low  HI=High  AH=Alarm High  AB=Abnormal
EL=Less than Clinically Reportable Range
EH=Greater than Clinically Reportable Range

| | | |
|---|---|---|
| Name | : SMITH, STEVEN | Location : COM |
| Register Number : 02256-000 | | Page : 1 of 1 |
| Printed | : 11/25/2005 @ 09:58 | |

**U.S. MEDICAL CENTERS FOR FEDERAL PRISONERS**
**Laboratory, 1900 W. Sunshine**
**SPRINGFIELD, MISSOURI  65808**
**(417) 862-7041**

=================================================================
**\*\*\* SENSITIVE-LIMITED OFFICIAL USE \*\*\***
**FINAL REPORT**
=================================================================

| | | | |
|---|---|---|---|
| Register Number : 02256-000 | | Age | : 43yr |
| Name | : SMITH, STEVEN | Sex | : M |
| Location | : FCC COLEMAN MEDIUM (COM) | Room | : |
| Admit. Physician: URRISTE,MLP | | Accession Number : 2283 |
| Order. Physician: URRISTE,MLP | | | |
| Collected | : 09/06/05 ③  09:25 by:  RE | | |

| Test | Result | Flag | Reference Range/Units | Tech |
|---|---|---|---|---|
| COMP. METABOLIC | | | | |
| Glucose | 102 | | 70 - 110 mg/dL | GK RY |
| Urea Nitrogen | 12 | | 7 - 22 mg/dL | GK RY |
| Creatinine | 1.2 | | 0.6 - 1.6 mg/dL | GK RY |
| SodiumI | 142 | | 137 - 148 mmol/L | GK RY |
| Potassium | 4.2 | | 3.5 - 5.0 mmol/L | GK RY |
| Chloridel | 105 | | 99 - 114 mmol/L | GK RY |
| Calcium1 | 9.8 | | 8.5 - 10.9 mg/dL | GK RY |
| Total Protein | 8.7 | HI | 6.0 - 8.2 g/dL | GK RY |
| Albumin | 4.6 | | 3.6 - 5.1 g/dL | GK RY |
| Alkaline Phos. | 92 | | 41 - 133 U/L | GK RY |
| AST(SGOT) | 57 | HI | 11 - 55 U/L | GK RY |
| Total Bilirubin1 | 0.3 | | 0.2 - 1.3 mg/dL | GK RY |
| Cholesterol | 183 | | 140 - 200 mg/dL | GK RY |
| ALT1(SGPT) | 78 | HI | 11 - 66 U/L | GK RY |
| Glycohemoglobin | 6.3 | | 4.3 - 6.3 %A1C | MS RY |



M. CINTRON, M.D.
STAFF PHYSICIAN

Legend
LO=Low  AL=Alarm Low  HI=High  AH=Alarm High  AB=Abnormal
EL=Less than Clinically Reportable Range
EH=Greater than Clinically Reportable Range

ORIGINAL

**U.S. MEDICAL CENTERS FOR FEDERAL PRISONERS**
**Laboratory, 1900 W. Sunshine**
**SPRINGFIELD, MISSOURI  65808**
**(417) 862-7041**

================================================================
**\*\*\* SENSITIVE-LIMITED OFFICIAL USE \*\*\***
**FINAL REPORT**
================================================================

| | | | |
|---|---|---|---|
| Register Number : 02256-000 | | Age | : 43yr |
| Name          : SMITH, STEVEN | | Sex | : M |
| Location      : FCC COLEMAN MEDIUM (COM) | | Room | : |
| Admit. Physician: DR. LEE | | Accession Number : 5720 | |
| Order. Physician: DR. LEE | | | |
| Collected     : 08/15/05 @  12:00 by:  RE | | | |

| Test | Result | Flag | Reference Range/Units | Tech |
|---|---|---|---|---|
| Collection Cmt. | | | | CK |
| | HCV PCR/RNA & GINOTYPE | | | |
| | REJECTED. TESTING NOT | | | |
| | PERFORMED AT MCFP. 8/16/05 | | | |
| | PB | | | |
| Rejected Spec. | . | | | |
| COMP. METABOLIC | | | | |
| Glucose | 101 | | 70 - 110 mg/dL | JN CK |
| Urea Nitrogen | 10 | | 7 - 22 mg/dL | JN CK |
| Creatinine | 1.2 | | 0.6 - 1.6 mg/dL | JN CK |
| SodiumI | 141 | | 137 - 148 mmol/L | JN CK |
| Potassium | 4.2 | | 3.5 - 5.0 mmol/L | JN CK |
| Chloridel | 107 | | 99 - 114 mmol/L | JN CK |
| Calciuml | 9.2 | | 8.5 - 10.9 mg/dL | JN CK |
| Total Protein | 7.8 | | 6.0 - 8.2 g/dL | JN CK |
| Albumin | 4.1 | | 3.6 - 5.1 g/dL | JN CK |
| Alkaline Phos. | 90 | | 41 - 133 U/L | JN CK |
| AST(SGOT) | 55 | | 11 - 55 U/L | JN CK |
| Total Bilirubin1 | 0.2 | | 0.2 - 1.3 mg/dL | JN CK |
| Cholesterol | 195 | | 140 - 200 mg/dL | JN CK |
| ALT1(SGPT) | 75 | HI | 11 - 66 U/L | JN CK |

*S, lShe, imp*

S. Lee, MD

FCC Coleman

*8/23/05*

Legend
LO=Low  AL=Alarm Low  HI=High  AH=Alarm High  AB=Abnormal
SL=Less than Clinically Reportable Range
SH=Greater than Clinically Reportable Range

| | | | |
|---|---|---|---|
| Name          : SMITH, STEVEN | | Location  : COM | |
| Register Number : 02256-000 | | Page     : 1 of 1 | |
| Printed       : 08/16/2005 @ 14:58 | | | |

ORIGINAL

ALP-1330.13H
September 1, 2003
Attachment 1

# United States Penitentiary
# Allenwood, Pennsylvania

### ADMINISTRATIVE REMEDY PROCEDURE FOR INMATES
### INFORMAL RESOLUTION FORM

NOTE TO INMATE:  You are advised that prior to receiving and filing a
Request for Administrative Remedy Form BP-9 [BP-229(13)], you must
ordinarily attempt to informally resolve your complaint through your
Correctional Counselor.  Briefly state ONE complaint below and list what
efforts you have made to resolve your complaint informally and state the
names of staff contacted.

Issued By:  E. Fisher    (Initials of Correctional Counselor)
Date Issued To The Inmate    7-28-06

INMATE'S COMMENTS:

1.   Complaint: This is a complaint against Health Service's Utilization Review
     Committee [URC] for being apathetic towards my chronic health issues hepatits C Virus
     [HCV] and for delaying me of having treatment for my [HCV]. Their acts and ormission
     constitute violation of my constitutional rights.    (Continue to attachments)

2.   Efforts you have made to informally resolve: Informal complained to Health
     Service's Utilization Review Committee [URC].

3.   Names of staff you contacted:     Ms. K. DeWald, ____

Date Returned to Correctional Counselor: _____

_____                     02256-000        8-02-06
Inmate's Signature               Reg. Number        Date

CORRECTIONAL COUNSELOR'S COMMENTS:

1.   Efforts made to informally resolve and staff contacted: _____
            SEE ATTACHED

Date BP-9 Issued: _____

                                       E. Fish____
                                  Correctional Counselor

                                  D. Trautman, UM I/IV
                                  Unit Manager  (Date)
                                              8-11-06

Distribution:  If complaint is NOT informally resolved - Forward original
attached to BP-9 Form to the Executive Assistant.

I submitted an informal complaint to Health Service's Utilization Review Committee [URC] for inquiring about the disposition of the [URC] approval for me having a liver biopsy test performed and to orient them of the gravity of my condition when not being treated promptly. I have even went into more details by explaining to the [URC] about the importance of me having a liver biopsy test performed, in despit of my informal complaint Ms. K. DeWald, AHSA, responded with the following reply that liver biopsies are scheduled in the ordered approved. Some biopsies are still pending since October 2005/December 2005. ypu will be scheduled when an appointment is available.

Lobking only to my informal complaint and in considering or not considering my medical records containing laboratory reports, diagnosis notes, viral load report and HCV genotype report, it is clear that a liver biopsy test and futher treatment requires immediately treatment.

The viral load report illustrates that I'm in the range of 700.000 Iu/mL of HCV, that is in my system. Also in addition, the HCV genotype shows that I am now experiencing newly developed symptoms which consist of yellow eyes, feeling lack of energy, aching pain which appears on the right upper side of the abdomen that is causing me to feel nauseated, depressed,sleep disturbance, having poor appetite and losing weight. This developed combination of symptoms are a result of me being delayed in having a liver biopsy test performed. On July 11,2006, I was seen by PA. Ms. Inch regarding the above stated symptoms. To no avail...

I am contending that hepatitis C, if not treated promptly could leave me to suffer severe internal organ damage, e.g. chronic liver disease cirrhosis, liver cancer and inevitably dealth. As a direct and proximate result of any and/or all of the acts and omission by Health Service's [URC] Personnel delaying me treatment for having a liver biopsy test performed for receiving further treatment for my HCV and which have led to injury that caused and continue to cause me great pain and suffering, had continued aggravated and worsend, causing me to be further incapacitated in the performance of my normal activities and continue to be so incapacitated; and I am now suffering from the effects of said injuries.

<u>Points and Authorities</u>

The United States Bureau of Prisons has a duty to provide adequate medical care to a prisoner. See: Yosuf v. United States, 642 F.Supp. 415, 427 (M.D.Pa 1986). Here I am being delayed of having a liver biopsy test perform which is hindering me from knowing how severe my liver is and preserving me from receiving prompt treatment for detering my HCV virus. An eight amendment violation may be supported by a serious risk of harm. See: Helling v. McKinney, 509 U.S. 25, 36, .125 L.Ed. 2d 22, 113 S.Ct. 2475 (1993), in which the Court pointed out that a prisoner can complain about demonstrably unsafe water without waiting to develop dysentery. As stated above, the time has vowed for me to be refer to a liver biopsy specialist for receiving adequate and further treatment for my HCV.

/s/ _____
Steven A. Smith
Reg No's 02256-000

[2]

RESPONSE TO ADMINISTRATIVE REMEDY (BP-8)

TO: STEVEN SMITH
    #02256-000

This is in response to your Administrative Remedy Form (BP-8) submitted on August 2, 2006, in which you state this is a complaint against Health Service's Utilization Review Committee for being apathetic toward your chronic health issue's hepatitis C Virus and for delaying you of having treatment for my (HCV).

Upon reviewing your situation, liver biopsies are done in priority of illness/symptoms. You will be scheduled accordingly.

*E. Fisher*

E. Fisher
Correctional Counselor

**U.S. DEPARTMENT OF JUSTICE**
Federal Bureau of Prisons

8/31/06 (26 A) 4 HSA

**REQUEST FOR ADMINISTRATIVE REMEDY**

05
8-16-06
E-F.C

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

| From: | Smith Steven A. | 02256-000 | 1-B | Allenwood USP |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A– INMATE REQUEST**   This is an appeal against Health Service's Utilization Review Committee for repeatedly delaying and refusing and failure to have me promptly scheduled for having a liver biopsy test performed for receiving further treatment for my hepatits C Virus. See BP-8 attached hereto.

Staff truely arrived at an erroneous opinion when it came to the conclusion that my medical condition doesn't exist as one being of a priority of illness/symptoms. See BP-8 response attached hereto.

My complaint does formulate that the gravity of my medical issue is a condition of urgency, one that may produce death, degeneration and extreme pain. See BP-8 complaint in generally.

(Complaint continue to attachment)

8-20-06
_____
DATE

_Steven Smith_
_____
SIGNATURE OF REQUESTER

**Part B– RESPONSE**

_____
DATE

_____
WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE                     CASE NUMBER: 425697-F1

                                               CASE NUMBER: _____

**Part C– RECEIPT**

Return to: _____
           LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.          UNIT          INSTITUTION

It appears that Health Services may have failed to use the funds alloted in their budget for caring for D.C. prisoners medical care which has been entered into an agreement with the U.S. Department of Justice, Federal Bureau of Prisons, referred to herein as "BOP," and the District of Columbia, referred to herein as "D.C." pursuant to the authority of 18 United States Code (U.S.C.) §5003, quoting 23 CFR 0.95(a). The District of Columbia Code (D.C.C. §24-423) through §24-425 and under the exception to the Federal Grant and Cooperative Agreement act of 1977 (P.L. 95-224) granted by the Office of Management and Budget.

**WHEREAS,** the BOP is willing to house sentenced D.C. prisoners in return for appropriate reimbursement from the D.C. Department of Corrections, NOW, THEREFORE, THE PARTIES AGREE AS FOLLOWS: That D.C. inmates shall receive the same degree of medical care and attention regularly provided for inmates. The cost of any special or extraordinary medical services, including transportation, medication, equipment, and surgical or nursing care shall be paid by the D.C. Department of Corrections or the inmate shall be returned to the D.C. Department of Corrections. The BOP shall have discretion in determing the meaning of "special or extraordinary medical services." In the event of an emergency, BOP shall proceed immediately with necessary medical treatment. In such event, BOP shall notify the D.C. Department of Corrections as soon as practicable regarding the nature of the transferred inmate's illness or injury, type of treatment provided, and the estimated cost thereof. At the discretion of the D.C. Department of Corrections, necessary arrangements may be made for the return of the D.C. inmate to the custody of the D.C. Department of Corrections.

### RELIEF   REQUESTED

It is hoped that the appropriated steps will be taken and that Health Services will be directed to have me promptly schedule for having a liver biopsy test perform.

/s/ *Steven A. Smith*
Steven A. Smith
Reg No's 02256-000

[2]

SMITH, Steven
Reg. No. 02256-000
Appeal No.: 425697-F1
Page 1

_____

### Part B - Response

This is in response to your Request for Administrative Remedy in
which you claim that you are being denied appropriate medical
treatment for your Hepatitis C, specifically delaying your liver
biopsy.

A review of your medical file reveals that you have been evaluated
quarterly on Chronic Care Clinic for your medical condition.  Due
to your age and your laboratory testing results, you are a Priority
2 candidate for a liver biopsy.  You will be scheduled accordingly.
If you have any further medical concerns, please sign up on routine
sick call.

Accordingly, your Request for Administrative Remedy is denied.  If
you are not satisfied with this response, you may appeal to the
Regional Director within 20 calendar days of this response.


Date  9/11/06                              _Jonathan C. Miner_____
                                           Jonathan C. Miner
                                           Warden

U.S. Department of Justice

Federal Bureau of Prisons

Regional Administrative Remedy Appeal

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-DIR-9 including any attachments must be submitted with this appeal.

From: **Smith        Steven        A.**          02256-000          **1-B**          **Allenwood USP**
         LAST NAME, FIRST, MIDDLE INITIAL              REG. NO.              UNIT              INSTITUTION

**Part A—REASON FOR APPEAL**  This is an appeal of the response to my complaints regarding the delaying of my having access to a liver biopsy specialist for receiving further treatment for my hepatitis C Virus. The warden's acknowledgement was summarized as follows: That due to your age and your laboratory testing results, You are a Priority 2 candidate for a liver biopsy. You will be scheduled accordingly. The warden failed and refused, despite repeated requests by me, to be provided with prompt access to a liver biopsy specialist who would have the qualification to diagnose and recommend the appropriated medical treatment for my hepatitis C Virus. That health Services Personnel and/or physicians have failed to use the knowledge, skill and care both in diagnosing and providing laboratory results when I am appearing for chrunic care for my [HCV]. I have been waiting patiently for approximately a year to be seen by a liver biopsy specialist, To no avail.

It is requested that arrangements be made for me to be promptly treated by a liver biopsy specialist.

(See attached copies of complaints and response)

September 18, 2006
—————————————
DATE

_Steven Smith_
—————————————
SIGNATURE OF REQUESTER

**Part B—RESPONSE**

—————————————          —————————————
DATE                                              REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE                    CASE NUMBER: _____

**Part C—RECEIPT**

CASE NUMBER: _____

Return to: _____
                 LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.          UNIT          INSTITUTION

SUBJECT: _____

BP-230(13)

SMITH, Steven
Reg. No. 02256-000
Appeal No. 425697-R1
Page One

------------------------------------------------------------
**Part B - Response**

In your appeal, you contend that you are not receiving adequate medical care at USP Allenwood.  You allege medical staff are delaying your liver biopsy and treatments of your medical condition. You request prompt treatment by a liver biopsy speciailst.

An investigation into your appeal reveals that the Warden correctly summarized in detail the appropriate medical care that you are receiving.  You have routinely been seen through the chronic care clinic.  Based on considered factors, you are a Priority 2 candidate.   You have recently been scheduled for your liver biopsy.

Medical staff advise that you are receiving appropriate treatment consistent with community standards.  Accordingly, your appeal is denied at this time.

If you are dissatisfied with this response, you may appeal to the General Counsel, Federal Bureau of Prisons.  Your appeal must be received in the Administrative Remedy Section, Office of General Counsel, Federal Bureau of Prisons, 320 First Street, N.W., Washington, D.C. 20534, within 30 calendar days of the date of this response.

Date: October 25, 2006

D. SCOTT DODRILL
Regional Director

**U.S. Department of Justice**

Federal Bureau of Prisons

**Central Office Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP–DIR–9 and BP–DIR–10, including any attach-ments must be submitted with this appeal.

From: Smith Steven A.
LAST NAME, FIRST, MIDDLE INITIAL | 02256-000
REG. NO. | I-B
UNIT | Allenwood USP
INSTITUTION

**Part A—REASON FOR APPEAL**    Appealing the denial of my BP-8 dated August 11,06; BP-9 dated September 11,06; and BP-10 Appeal dated October 25,06, regarding my being delayed of having access to a liver biopsy specialist, for receiving further treatment on my hepatitis C virus. Copies of these documents are attached hereto: That Health Services medical treatment is dis-criminatory and fails to meet the needs of my medical issues. Health Services have imple-mented harsh medical rules of their own that contradict my constitutional rights of having access to prompt, adequate, proper and suitable medical care and attention. That after Health Services' employees became cognizant of my newly developed symptoms, they purpsely failed and refused, despite repeated request and demands by me to have me promptly seen by a liver biopsy specialist. "While there are many inmates with hepatits C currently awaiting treatment.. due to the Allenwood Health Services treatment preparation plan, treatment is offered first to inmates with the greatest medical need.""Cost should not be considered when deciding who gets treatment." "Prisoners are vulnerable and we do not have any choices, In other words this is not how the BOP medical Departments are supposed to work!" The standard has to be what would a person get in the community? What if you went to your doctor and he says, "You need treatment, but I am putting you on a waiting list." I request adequate medical attention and treatment for this documented preexisting condition. The BOP cannot legitimately curtail necessary medical treatment for merely pecuniary consideration.

11-16-06
DATE

S. Smith
SIGNATURE OF REQUESTER

**Part B—RESPONSE**

_____
DATE

GENERAL COUNSEL

**ORIGINAL: RETURN TO INMATE**

CASE NUMBER: _____

**Part C—RECEIPT**

CASE NUMBER: _____

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION

SUBJECT: _____

_____
DATE

SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

BP-231(13)
APRIL 1982

USP LVN

**Administrative Remedy No. 425697-A1**
**Part B - Response**

You state you have been waiting over a year for a liver biopsy and are requesting that the procedure be done.

Relevant portions of your medical record have been reviewed which reveal you have a history of hypertension, Hepatitis C, asthma, GERD, and schizophrenia. A significant mental health history can be a contraindication to the medication used for Hepatitis C treatment. You should discuss this with your healthcare provider. If this is true in your case, it would be unnecessary to follow through with a liver biopsy. Otherwise, the institution states that you are on a waiting list for the procedure.

This response is provided for informational purposes only.


_2-2-2007_
Date

_____
Harrell Watts, Administrator
National Inmate Appeals



Steven A. Smith
Reg. No. 02256-000
U.S. Penitentiary
P.O. Box 3000
White Deer, PA 17887

2007 JUL HARRISBURG PA 1

RECEIVED
SCRANTON
JUL 1 8 2007
Per _____
MARY E. D'ANDREA, CLERK
DEPUTY CLERK

JUL 1 8 2007

"Legal Correspondence: Do Not Open Except
In The Presence of Addressee".

Clerk of the Court
William J. Nealon Fed. Bldg.
and U.S. Courthouse
P.O. Box 1148
235 N. Washington Avenue
Scranton, PA 18501-1148

MAILED FROM
U.S. PENITENTIARY