**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| STEVEN A. SMITH, | : | |
| Plaintiff | : | CIVIL ACTION NO. 4:07-1322 |
| v. | : | (JONES, D.J.) |
| | | (MANNION, M.J.) |
| ALBERTO GONZALES, U.S. DEPARTMENT OF JUSTICE, UNITED STATES ATTORNEYS OFFICE, HARLEY G. LAPPIN, WARDEN JOHNATHAN C. MINER, D. SCOTT. DODRILL, HARELL WATTS, W. EY, K. DEWALD, DR. C. VERMEIRE, J. HOLTZAPPLE, & L. REY, | : | |
| Defendants | : | |

## REPORT AND RECOMMENDATION

On July 23, 2007, the plaintiff, an inmate at the United States Penitentiary at Allenwood, Pennsylvania, proceeding *pro se* and *in forma pauperis*, filed a complaint alleging that the defendants violated his rights under the First Amendment to the U.S. Constitution by retaliating against him for filing grievances and under the Eighth Amendment by being deliberately indifferent to his serious medical needs when they did not timely schedule him for a medical procedure for which he was approved. (Doc. No. 1.) With his complaint, he filed a motion for a preliminary injunction to compel the defendants to schedule his medical procedure, along with a supporting brief. (Doc. Nos. 3 & 4.) It is recommended that the motion for a preliminary injunction be denied.

Rule 65 of the Federal Rules of Civil Procedure governs preliminary

injunctions. To obtain a preliminary injunction, the moving party must show:

> (1) whether the movant has shown a reasonable probability of success on the merits; (2) whether the movant will be irreparably injured by denial of the relief; (3) whether granting preliminary relief will result in even greater harm to the nonmoving party; and (4) whether granting the preliminary relief will be in the public interest.

*Allegheny Energy, Inc. v. DQE, Inc.*, 171 F.3d 153, 158 (3d Cir. 2000). The court must balance the four factors. *Id.* But particular emphasis is to be placed on the elements of irreparable harm and likelihood of success on the merits. *Hoxworth v. Bliner, Robinson & Co.*, 903 F.2d 186, 197 (3d Cir. 1990). The moving party *must* show both of these elements. *Adams v. Freedom Forge Corp.*, 204 F.3d 475, 484 (3d Cir. 2000); *see id.* ("A court may not grant this kind of injunctive relief without satisfying these requirements, regardless of what the equities seem to require."). A preliminary injunction is "an extraordinary remedy" and "should be granted only in limited circumstances." *Kos Pharm., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004).

The court finds that the plaintiff has not shown a reasonable likelihood of success on the merits. The facts concerning the medical procedure are as follows.[1] The plaintiff suffers from the hepatitis C virus. On November 16, 2005, the Utilization Review Committee at the Federal Correctional Institution–Medium at Coleman, Florida, where the plaintiff was confined at the time, approved the plaintiff for a liver biopsy. On April 18, 2006, the

---

[1]All facts are taken from the complaint and the exhibits attached thereto.

plaintiff was transferred to Allenwood without having undergone the biopsy. The plaintiff requested a biopsy, which Allenwood's Utilization Review Committee approved on May 24, 2006. The approval noted that a biopsy would be scheduled.

On June 20, 2006, the plaintiff submitted an inmate request to staff complaining that the approved biopsy had not been scheduled. The response indicated that biopsies "are scheduled in the ordered [*sic*] approved. Some biopsies are still pending since October 2005/December 2005. You will be scheduled when an appointment is available." On April 12, 2007, the plaintiff submitted an informal letter complaining that the biopsy had not yet been scheduled. The response indicates that biopsies are scheduled based on priority determined by a variety of factors and that the plaintiff would be scheduled according to his priority.

The plaintiff also used the formal administrative remedy procedure to complain about not being scheduled for a biopsy. He submitted the informal resolution form on August 2, 2006. The response informed the plaintiff that biopsies are scheduled according to "priority of illness/symptoms" and that the plaintiff would be scheduled accordingly. The plaintiff submitted the formal inmate request on August 20, 2006. The response denied the request, noting that the plaintiff was evaluated quarterly and that, based on his age and laboratory testing, he was a "Priority 2 candidate." He would "be scheduled accordingly." He appealed the denial on September 18, 2006. The appeal

was denied. It noted that the plaintiff was receiving "appropriate medical care." It further noted that the plaintiff has "routinely been seen through the chronic care clinic. Based on considered factors, you are a Priority 2 candidate. You have recently been scheduled for your liver biopsy. Medical staff advise that you are receiving appropriate treatment consistent with community standards." The plaintiff finally appealed the denial on November 16, 2006. The appeal was denied because the plaintiff is "on a waiting list for the procedure."

The plaintiff underwent blood testing on July 25 and November 29, 2006, and February 21 and May 31, 2007. On March 16, 2007, the plaintiff was approved for Interferon treatment by the psychiatrist.

To prove a violation of his Eighth Amendment right to proper medical care, the plaintiff would have to show the following. Medical mis- or nontreatment violates the Eighth Amendment only when medical personnel are deliberately indifferent to a prisoner's serious medical needs. *Estelle*, 429 U.S. 97, 104-05 (1976) ("[A] prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs."); *Spruill*, 372 F.3d at 235-36. Mere medical malpractice is not cognizable under §1983. *Estelle*, 429 U.S. at 105 (holding that "an inadvertent failure to provide adequate medical care" or "a complaint that a physician has been negligent in diagnosing or treating a medical condition" does not state an Eighth Amendment claim); *Spruill*, 372 F.3d at 235. Examples of deliberate

4

indifference in the medical context include denying a reasonable request for medical treatment that "exposes the inmate 'to undue suffering or the threat of residual injury,'" *Monmouth County Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 346 (3d Cir. 1987) (quoting *Westlake v. Lucas*, 537 F.2d 857, 860 (6th Cir. 1976)), intentionally refusing to provide treatment where the need for treatment is known, delaying on non-medical grounds necessary medical treatment, deliberately inflicting pain, refusing to provide treatment without payment, continuing a course of treatment despite its causing pain or risking injury, or erecting arbitrary procedural barriers that effectively delay or deny treatment. *Id.* (citations omitted); *Spruill*, 373 F.3d at 235 (citations omitted); *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999) (citations omitted); *cf. Estelle*, 429 U.S. at 107 (holding that plaintiff's complaint "based solely on the lack of diagnosis and inadequate treatment of his back injury" was properly dismissed because choice of "diagnostic techniques or forms of treatment . . . is a classic example of a matter for medical judgment" that "[a]t most . . . is medical malpractice, and as such the proper forum is the state court . . . .") *with Spruill*, 372 F.3d at 237 (holding that plaintiff's complaint alleging improper treatment that exposed plaintiff to "the possible risks of a permanent disability or a fatal or serious injury," malicious and sadistic actions by physicians intended to cause pain, and repeated refusals to examine the plaintiff was improperly dismissed).

Under the law governing the plaintiff's claim, the plaintiff has not shown

a reasonable probability of success on the merits his claim. The defendants do not appear to be deliberately indifferent to the plaintiff's condition by intentionally delaying or denying the liver biopsy. They approved the procedure for the plaintiff. But the evidence before the court does not indicate that mere approval entitles the plaintiff to an immediate or speedy biopsy. Rather, he is ranked according to a variety of medical factors. Because the plaintiff is not a high priority, he had been put on a waiting list. Although the plaintiff may experience adverse symptoms because of his disease, he is not entitled by judicial order to be place on the scheduling list ahead of other prisoners whom the defendants have determined are in more serious need of the biopsy. The defendants appear to be examining the plaintiff quarterly and making appropriate medical determinations of the plaintiff's priority. The court should not invalidate those decisions.

**NOW, THEREFORE, IT IS HEREBY RECOMMENDED THAT** the plaintiff's motion for a preliminary injunction (Doc. No. 3) be **DENIED**.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States Magistrate Judge**

Date: September 14, 2007
O:\shared\REPORTS\2007 Reports\07-1322.01.wpd