IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEVEN A. SMITH, | : | No. 4:07-CV-1322 |
| Plaintiff, | : | |
| | : | (Judge Jones) |
| v. | : | (Magistrate Judge Mannion) |
| | : | |
| ALBERTO GONZALES, *et al.* | : | |
| Defendants | : | |

FILED
WILLIAMSPORT, PA

DEC 1 0 2007

MARY E. D'ANDREA, CLERK
Per_____
DEPUTY CLERK

**MEMORANDUM AND ORDER**

December 10, 2007

Presently before the Court is the Report and Recommendation ("R&R") (Doc. 13) of Magistrate Judge Mannion, recommending that Plaintiff Steven Smith's motion for a preliminary injunction (Doc. 3) be denied. For the reasons set forth below, the Court will adopt the R&R in its entirety and deny Plaintiff's motion.

I.   **BACKGROUND**

Smith, an inmate presently confined at the United States Penitentiary at Allenwood, Pennsylvania, proceeding pro se and in forma pauperis, filed a complaint (Doc. 1) alleging, *inter alia*, that the Defendants' delaying a liver biopsy procedure for which he was approved violated his Eighth Amendment rights. Plaintiff's accompanying motion for preliminary injunction (Doc. 3) asks

1

the Court to order the Defendants to "to refrain from delaying the plaintiff from being examined by a qualified liver biopsy specialist and to obtain from that specialist an evaluation of the condition of his HCV and appropriate indicated prescript for a course of medication that will treat his HCV." (Doc. 3).

The R&R details the facts relevant to the present motion (*see* Doc. 13 at 2-4), and therefore, we will only highlight a brief factual background. Smith suffers from hepatitis C virus. On November 16, 2005, the Utilization Review Committee for FCC Coleman, where Smith was then confined, approved Smith for a liver biopsy. On April 18, 2006, Smith was transferred to Allenwood without the test being performed. Smith requested a biopsy at his new location, and the Utilization Review Committee at Allenwood approved the test on May 24, 2006. The approval noted that a biopsy would be scheduled.

On June 20, 2006, Smith submitted an inmate request to the staff complaining that the biopsy had not been scheduled. The response indicated that biopsies are scheduled in the order approved, that procedures scheduled before Smith's were still pending, and that his would be scheduled with available. Smith submitted an informal resolution form and eventually a formal inmate request in August 2006 regarding the biopsy. Smith's request was denied, and he was informed that biopsies are scheduled according to priority of illness/symptoms and

2

that, based on his quarterly evaluations and routine clinic visits, he was a "Priority 2 candidate" and would "be scheduled accordingly." The denial also noted that Smith was receiving "appropriate medical treatment consistent with community standards." On April 12, 2007, Smith submitted an informal letter again complaining that the biopsy had not been scheduled. The response again indicated that biopsies are scheduled based on priority determined by a variety of factors and that Smith would be scheduled according to his priority.

Smith continued to undergo evaluation and blood testing during this time, including on July 25 and November 29, 2006, and February 21 and May 31, 2007. On March 16, 2007, Smith was approved for Interferon treatment.

## II. DISCUSSION

The R&R (Doc. 13) recommends that Smith's request for a preliminary injunction be denied because Smith has not shown a reasonable likelihood of success on his Eighth Amendment claim. Smith filed objections to the R&R (Doc. 14), arguing that the Defendants are deliberately indifferent to his serious medical need because waiting two years for a liver biopsy "is absolutely inappropriate and inconsistent with community standard" and "would constitute valid basis for a malpractice suit."

In reviewing the report of a magistrate judge, the district court makes a de novo determination with respect to those portions of the report and the findings or recommendations to which objection is made. 28 U.S.C. § 636(b)(1); *United States v. Raddatz*, 447 U.S. 667, 674-75 (1980); *see also* Local Rule 72.3. In providing a de novo determination rather than a de novo hearing, 28 U.S.C. § 636(b)(1) permits whatever reliance the district court, in the exercise of sound discretion, chooses to place on a magistrate judge's proposed findings and recommendations without the need to rehear testimony. *Raddatz*, 447 U.S. at 674-75; *see also Mathews v. Weber*, 423 U.S. 261, 275 (1976); *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984). In this case, the Court's de novo review confirms the Magistrate Judge's analysis, and therefore, the Court will adopt the R&R in its entirety.

A preliminary injunction is "an extraordinary remedy" and "should be granted only in limited circumstances." *Kos Pharm., Inc. V. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004). Rule 65 of the Federal Rules of Civil Procedure governs preliminary injunctions. To obtain a preliminary injunction, the moving party must show:

> (1) whether the movant has shown a reasonable probability of success on the merits; (2) whether the movant will be irreparably injured by denial of the relief; (3) whether

> granting preliminary relief will result in even greater harm to the nonmoving party; and (4) whether granting the preliminary relief will be in the public interest.

*Allegheny Energy, Inc. V. DQE, Inc.*, 171 F.3d 153, 158 (3d Cir. 2000). While the court must all of these factors, *id.*, success on the merits and irreparable harm are particularly important, *Hoxworth v. Bliner, Robinson & Co.*, 903 F.2d 186, 197 (3d Cir. 1990), and an injunction cannot be issued unless these two elements are demonstrated, *Adams v. Freedom Forge Corp.*, 204 F.3d 475, 484 (3d Cir. 2000).

Smith's is not entitled to a preliminary injunction because he has not shown a reasonable probability of success on the merits. To prevail on an Eighth Amendment claim based on lack of medical treatment, a prisoner plaintiff must prove the defendants' "deliberate indifference to serious medical needs of prisoners" which constitutes "unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). The test for determining whether a defendant was deliberately indifferent is whether the defendant "acted or failed to act despite his knowledge of a substantial risk of serious harm." *Farmer v. Brennan*, 511 U.S. 825, 841 (1994).

In this case, the Defendants have, in fact, acted to address Smith's medical condition. Smith has been approved for a liver biopsy. He receives quarterly evaluation and routine testing. He has been given appropriate prescriptions.

Given the frequent medical care that Smith admits he has received, the Court cannot conclude that the Defendants have been indifferent to his condition.

Smith argues that the defendants' deliberate indifference is demonstrated by the fact that the two-year delay in receiving the biopsy after the procedure was approved is inconsistent with community medical standards and "would constitute a valid basis for a [medical] malpractice suit." (Doc. 14 at 2). The law is clear, however, that " medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 106. The mere approval of Smith for the biopsy does not entitle him to be placed at the front of the line. Smith receives frequent and appropriate medical care for his condition, and the mere fact that he might, under other circumstances, received such care more quickly does not constitute cruel and unusual punishment.

### III.  CONCLUSION

Because Smith has failed to demonstrate a reasonable probability of success on the merits of his Eighth Amendment claim, his motion for preliminary injunction will be denied.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Report and Recommendation of Magistrate Judge Mannion (Doc. 13) is ADOPTED.

2.  The Motion for Preliminary Injunction of Plaintiff Smith (Doc. 2) is DENIED.

3.  This action is REMANDED to Magistrate Judge Mannion for further proceedings.

```
                                    /s/ John E. Jones III
                                    _____
                                    John E. Jones III
                                    United States District Judge
```